United States District Court

Eastern District of California

John Garcia,

     Plaintiff,                     No. Civ. S 03-1947 MCE PAN P

  vs.                             Findings and Recommendations

Mule Creek State Prison, et al.,

     Defendants.

-oOo-

Plaintiff is a state prisoner without counsel seeking redress for alleged violation of his federal civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff claims defendants delayed in diagnosing and treating his diseased eye, resulting in surgical removal of the eye, in violation of plaintiff's right to adequate medical care under the Eighth Amendment.  Plaintiff alleges defendant Dr. Wong at Salinas Valley State Prison and defendant Dr. Smith at Mule Creek State Prison each misdiagnosed plaintiff's condition as

pink eye, each thus causing several months' delay in proper treatment.

Defendants Smith and Wong move to dismiss the complaint on the ground plaintiff failed to exhaust administrative remedies against defendant Wong.

Section 1997e(a) of Title 42 of the United States Code provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002). A prisoner need not plead exhaustion. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003). Ordinarily, defendants must raise and prove absence of exhaustion as a defense raised by a motion to dismiss. Id. "Courts considering 'nonenumerated' Rule 12(b) motions on the issue of administrative exhaustion may not only rely on matters outside the pleadings but also have broad discretion to resolve any factual disputes." Irvin v. Zamora, 161 F. Supp. 2d 1125, 1128 (S.D. Cal. 2001) (citing Ritza v. Internat'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988)).

"[F]ew courts have addressed the specificity required for claims raised in the prison administrative grievance process" to satisfy section 1997e(a) exhaustion requirements. Irvin v. Zamora, 161 F. Supp. 2d at 1129.

>  When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming.

Strong v. Davis, 297 F.3d 646, 650 (7th Cir. 2002); see also Gomez v. Winslow, 177 S. Supp. 2d 977, 982 (N.D. Cal. 2001) (purpose of exhaustion is to provide prison officials notice of complaints so they can take proper action).

In assessing exhaustion, a court should consider whether a reasonable investigation of the administrative claim would have uncovered the allegations of the civil rights complaint. Gomez v. Winslow, 177 F. Supp. 2d at 983.; Irvin, 161 F. Supp. 2d at 1134-35; Sulton v. Wright, 265 F. Supp. 2d 292, 298 (S.D. N.Y. 2003) (citing Title VII rule that exhaustion is satisfied if charges in administrative complaint were "like or reasonably related to" federal claims, such that investigation of the administrative complaint would have revealed facts supporting civil rights complaint), abrogated on other grounds as noted in Scott v. Gardner, 287 F. Supp. 2d 477 (S.D. N.Y. 2003); Torrence v. Pelkey, 164 F. Supp. 2d 264, 278-79 (D. Conn. 2001) (declining to require exhaustion of new issues in medical care that arose from the "same series of events" that had already been exhausted); see also Ngo v. Woodford, 403 F.3d 620, 630 (9th Cir. 2005) (PLRA exhaustion requirement resembles administrative exhaustion).

The California Department of Corrections' administrative

1 grievance procedure is set forth in Title 15 of the California
2 Administrative Code at sections 3084.1, et seq.  California
3 prisoners or parolees may appeal "any departmental decision,
4 action, condition, or policy which they can demonstrate as having
5 an adverse effect upon their welfare."  15 CAC § 3084.1(a).  The
6 regulatory system does not dictate the content of the grievance.
7 15 CAC § 3084.2.  The first level of formal appeal must be
8 decided within 30 working days by someone not involved in the
9 dispute or grievance, who is at least equal in rank to the
10 highest ranking person that was involved.  15 CAC § 3084.5(e).
11 Ordinarily, a grievance must be taken to a second- and third-
12 level appeal before exhaustion is complete.  Id.

13    It is uncontested that plaintiff filed, and pursued to the
14 third level, a grievance claiming both Wong and Smith provided
15 deficient medical care, resulting in the loss of his eye.
16 Plaintiff submitted the grievance at Mule Creek State Prison and
17 officials addressed it but took the position that plaintiff had
18 to file a separate grievance at Salinas Valley State Prison as to
19 Dr. Wong.

20    The court finds that all claims arising from the ongoing
21 course of treatment for plaintiff's single medical problem were
22 within the scope of his grievance.  See Gomez v. Winslow, 177 F.
23 Supp. 2d 977; Sulton v. Wright, 265 F. Supp. 2d 292; Brown v.
24 Sikes, 212 F.3d 1205 (11th Cir. 2000); Clement v. California
25 Department of Corrections, 220 F. Supp. 2d 1098 (N.D. Cal. 2002);
26 Torrence v. Pelkey, 164 F. Supp. 2d 264.  The prison

administration had the opportunity to consider claims against Wong in addition to Smith, although it may have chosen not to. Plaintiff's claims are exhausted.

Accordingly, the court hereby recommends the November 15, 2004, motion to dismiss be denied.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Written objections may be filed within 20 days of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated:  May 31, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge